UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11832-RGS

RAYMOND LENAHAN and HEATHER SKUTNIK,
on behalf of themselves and all
other employees similarly situated

v.

DICK'S SPORTING GOODS, INC., GALYAN'S TRADING
COMPANY, INC.,L EDWARD STACK, KATHRYN SUTTER,
WILLIAM COLOMBO, JAY CROSSON, AND LYNN URAM

MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION TO REMAND AND/OR
FOR A STAY OR AN EXTENSION OF TIME

December 8, 2010

STEARNS, D.J.

This putative wages and hours class action was filed originally in the Western District of New York and then refiled in the Middlesex Superior Court after the federal court in New York declined to exercise supplementary jurisdiction over plaintiffs' Massachusetts law claims. Defendants removed the case to this court on October 27, 2010, invoking the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

CAFA provides that federal courts have jurisdiction over class actions based on state law when: (1) there is "minimal" diversity (meaning that at least one plaintiff and one defendant are from different states); (2) the amount in controversy exceeds $5 million; and (3) the action involves at least 100 class members. 28 U.S.C. §§ 1332(d)(2) and (5)(B). In opposing the motion to remand, plaintiffs object only to defendants' assertion that the amount in controversy exceeds $5 million. Defendants bear the burden of demonstrating

this as well as the other two elements of a removal. Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009), citing Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008) ("The removing party [under CAFA], as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million."). The burden, however, is not an onerous one. At the removal stage, little or no evidence has typically been produced or gathered. Consequently, a court considering the amount in controversy need not view the evidence solely in the light most favorable to the plaintiffs, but may review the evidence in the record presented by both sides.

> [D]eciding whether a defendant has shown a reasonable probability that the amount in controversy exceeds $5 million may well require analysis of what *both* parties have shown. Merely labeling the defendant's showing as "speculative" without discrediting the facts upon which it rests is insufficient. See Strawn [v. AT & T Mobility LLC], 530 F.3d [293,] 299 [4th Cir. 2008] (finding the defendant's showing sufficient to establish the amount in controversy under CAFA where the plaintiffs had "offered nothing" to challenge the accuracy of the defendant's affidavit). In the course of that evaluation, a federal court may consider which party has better access to the relevant information. See Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 n.3 (11th Cir. 2006) ("Defendants have better access to information about conduct by the defendants, but plaintiffs have better access to information about which plaintiffs are injured and their relationship to various defendants.").

Id. at 51 (emphasis in original).

I am satisfied that defendants have met their burden in this case. Defendants aptly summarize their showing with regard to the amount in controversy in their Opposition.

> Defendants estimated the amount in controversy based on only one-half of the putative class working only one hour of overtime per week. Defendants, in an effort to be conservative in their Notice of Removal, assumed that the putative class members were paid on average 36 hours per week. Based on that conservative assumption, Defendants calculated the allegedly unpaid hours per week by taking the difference between 41 hours allegedly worked

2

> and 36 hours actually paid (i.e., 4 hours of allegedly unpaid straight time and 1 hour of allegedly unpaid overtime). In fact, Company payroll records show that the putative class members are paid on average less than 23 hours per week. Accordingly, if they worked overtime, as they claim for the entire class, they worked 17 hours of allegedly unpaid straight time, plus the allegedly unpaid overtime. Using this actual data on hours paid, the total estimated amount in controversy rises to over $5 million dollars – without any of the other damages sought by Plaintiffs such as attorneys' fees, which are also property included in the amount in controversy – based on a mere fifteen percent of the putative class.

Opp'n to Remand at 1-2. The showing is more than sufficient.

## ORDER

For the foregoing reason, plaintiffs' motion to remand [Docket #12] is <u>DENIED</u>. Plaintiffs' motion for a stay [Docket # 14] is <u>DENIED</u>. Plaintiffs' request in the alternative for an extension of time to file an opposition to the motion to dismiss is <u>ALLOWED</u>. Plaintiffs will file their Opposition on or before January 5, 2011.

                SO ORDERED.

                /s/ Richard G. Stearns

                _____
                United States District Judge